IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-3187-D

SIDDANTH SHARMA,

        Plaintiff,

v.                         **ORDER**

TEXTBEHIND LLC/INC, et al.,

        Defendants.

Siddanth Sharma ("Sharma" or "plaintiff"), proceeding pro se and in forma pauperis, contends that a contract between the North Carolina Department of Adult Corrections and TextBehind, a Maryland corporation, to process incoming personal mail for state inmates violated his First Amendment rights of access to the courts and to receive a newspaper subscription. See Am. Compl. [D.E. 11]; Orders [D.E. 10, 12, 32]. The remaining defendants move to dismiss the complaint for failure to state a claim [D.E. 34, 38]. See Fed. R. Civ. P. 12(b)(6). The court notified Sharma about the motions, the consequences of failing to respond, and the response deadlines [D.E. 36, 41]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Sharma responded in opposition [D.E. 37, 42]. Defendant TextBehind replied [D.E. 43]. Sharma filed a surreply [D.E. 44], which TextBehind moves to strike [D.E. 45]. As explained below, the court grants in part defendants' motions to dismiss, denies TextBehind's motion to strike, and dismisses the action.

I.

Sharma was incarcerated from January 2019 to December 2022. See Am. Compl. [D.E. 11] ¶ 15. Sharma was "pro se in every action he initiated" in state and federal court while incarcerated but had no access to a law library in prison. Id. at ¶¶ 16–17. Sharma "had no trouble receiving legal mail/material and newspapers, from friends/family, until" approximately July 1, 2021, when the state prison system entered into a memorandum of understanding with defendant TextBehind, a Maryland corporation, to process incoming personal mail for state inmates. Id. at ¶¶ 5, 18–19 & n.5; see [D.E. 39-1]. Sharma cites the TextBehind contract as the reason he could not obtain legal materials to pursue his then-pending habeas petition and receive a newspaper subscription because "TextBehind does not process legal mail or newspapers." Id. at ¶¶ 20–24, 26; see [D.E. 39-1] 2–3; NCDAC Policy, Offender Use of the Mail, Ch. D .0310 (issued Oct. 13, 2021); cf. NCDAC Policy, Inmate Publication Privileges, Ch. D .0101 (Sept. 24, 2010).

Sharma contends that without certain legal materials, his "Federal Habeas Corpus . . . was denied due to procedural technicalities." Am. Compl. at ¶ 25. The docket in that case demonstrates that between July 1, 2021, and his release from prison in December 2022, Sharma made voluminous filings, with legal citations and extensive exhibits, and received a copy of every court order and filing of the respondent. See, e.g., Docket, Sharma v. Sapper, No. 5:21-HC-2065 (E.D.N.C.). On March 29, 2023, the court considered all of Sharma's filings and dismissed Sharma's habeas petition because Sharma had not properly presented his claims to the state courts and "failed to demonstrate cause and actual prejudice or actual innocence excusing his procedural default." Sharma v. Buffaloe, No. 5:21-HC-2065, 2023 WL 2731034, at *3–5 (E.D.N.C. Mar. 29, 2023) (unpublished), appeal dismissed, No. 23-6335, 2023 WL 5561375 (4th Cir. Aug. 29, 2023) (per curiam) (unpublished), cert. denied, 144 S. Ct. 410 (2023).

2

Sharma "was also unable to receive newspapers when the TextBehind contract went into effect. He had a subscription to the Wall Street Journal which was already being paid since before the TextBehind Contract went into effect." Am. Compl. at ¶ 26. "TextBehind does not process newspapers." Id. at ¶ 40. The North Carolina prison system permits inmates to "receive a reasonable number of hard back and paperback books, newspapers, magazines, newsletters and vendor catalogs directly from the publisher," subject to certain restrictions. NCDAC Policy, Inmate Publication Privileges, Ch. D .0101(a) (Sept. 24, 2010). Mailroom staff "perform the initial screening of incoming publications for compliance with this procedure," and the "Warden/Superintendent or Deputy/Assistant Superintendent of each facility" approves or disapproves each issue of a publication and submits "disapproved publications and the completed Disapproved Publication Log . . . to the chairperson of the Publications Review Committee once each week." Id., Ch. D .0102.

In addition to TextBehind, Sharma names as defendants two current or former high-level state agency officials, Eddie M. Buffaloe and Todd Ishee. See Am. Compl. ¶¶ 6–7. Sharma alleges that these two defendants were "responsible for" implementing the TextBehind Contract and have "direct involvement/knowledge of the TextBehind Contract." Id. at ¶¶ 1 n.2, 6–7.

II.

The court denies TextBehind's motion to dismiss for failure to exhaust administrative remedies. Sharma was no longer incarcerated when he filed the action. See Cofield v. Bowser, 247 F. App'x 413, 414 (4th Cir. 2007) (per curiam) (unpublished); cf. McGraw v. Gore, No. 24-6270, 2025 WL 1682297, at *2 n.2 (4th Cir. June 16, 2025) (unpublished).

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544,

554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context specific task that requires the reviewing court to draw on judicial experience and common sense." Iqbal, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not suffice. Id.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the

4

motion into one for summary judgment. Goines, 822 F.3d at 166. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached, the exhibit prevails." Id. (cleaned up); see Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). However, the court may not "make credibility determinations at the motion-to-dismiss stage," and exhibits outside the complaint must "blatantly contradict[] the factual allegations in [the] complaint." Bermeo v. Andis, No. 24-2047, __ F.4th __, 2025 WL 3762068, at *5 (4th Cir. Dec. 30, 2025); see Doriety for Est. of Crenshaw v. Sletten, 109 F.4th 670, 679 (4th Cir. 2024). Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

A.

Count one of Sharma's amended complaint asserts a First Amendment claim against "all Defendants in their individual capacities" under 42 U.S.C. § 1983 for interfering with his access to the courts. Am. Compl. at ¶¶ 31–38. Under the First and Fourteenth Amendment, inmates have a right to reasonable access to state and federal courts and to communicate with attorneys. See, e.g., Lewis v. Casey, 518 U.S. 343, 350–51 (1996); Procunier v. Martinez, 416 U.S. 396, 418 (1974) (explaining that a prisoner's right to correspond, grounded in the First Amendment, "is plainly a 'liberty' interest within the meaning of the Fourteenth Amendment"), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978) (per curiam). To state a claim for denial of access to the courts, Sharma must show actual injury or that defendants' conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis, 518 U.S. at 351–57; Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc).

5

Sharma has failed to plausibly allege actual injury or any conduct of defendants which prevented him from litigating his habeas petition. See, e.g., Wand v. TextBehind, No. 24-1076, 2025 WL 303796, at *3 (7th Cir. Jan. 27, 2025) (unpublished); Murdock v. Thompson, No. 20-6278, 2022 WL 17352171, at *5 (4th Cir. Dec. 1, 2022) (per curiam) (unpublished); Wendt v. Anderson, No. 1:24-CV-853, 2025 WL 2712754, at *7 (M.D.N.C. Aug. 5, 2025) (unpublished), report and recommendation adopted, 2025 WL 2712608 (M.D.N.C. Sept. 23, 2025) (unpublished); Lakemper v. Ishee, No. 5:20-CT-3083, 2024 WL 4229275, at *8 (E.D.N.C. Sept. 18, 2024) (unpublished). Thus, the court grants in part defendants' motions to dismiss and dismisses Sharma's claim for denial of access to the courts.

B.

Count two of the amended complaint asserts a First Amendment claim against "all Defendants in their individual capacities" under 42 U.S.C. § 1983 based on Sharma's inability to receive his newspaper subscription. Am. Compl. at ¶¶ 39–43. Sharma's conclusory allegations indicate that he was subjected to isolated incidents of mail mishandling rather than a First Amendment violation, and Sharma has failed to describe the personal involvement of any named defendant in the nondelivery of his newspaper. See, e.g., Wand, 2025 WL 303796, at *3; Cordova v. Hepp, No. 22-C-1434, 2024 WL 2801494, at *3 (E.D. Wis. May 31, 2024) (unpublished); Stibbe v. Evers, No. 22-CV-278, 2022 WL 1225299, at *9 (E.D. Wis. Apr. 26, 2022) (unpublished); Tyler v. Joyner, No. 5:14-CT-3044, 2014 WL 6769736, at *4–5 (E.D.N.C. Dec. 1, 2014) (unpublished); cf. LaKemper v. Huneycutt, No. 5:22-CV-189, 2025 WL 2390290, at *10 (W.D.N.C. May 27, 2025) (unpublished). Thus, the court dismisses the claim. See 28 U.S.C. § 1915(e)(2)(B).

III.

In sum, having previously dismissed all other claims and defendant NCDPS [D.E. 12], the court GRANTS IN PART defendants' motions to dismiss [D.E. 34, 38], and DISMISSES count one of the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). The court DISMISSES count two of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The court DENIES TextBehind's motion to strike plaintiff's surreply [D.E. 45]. The clerk shall close the case.

SO ORDERED. This _3_ day of February, 2026.

JAMES C. DEVER III
United States District Judge